## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jay Lawrence Smith,**
**Plaintiff Below, Petitioner**

**FILED**

January 12, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 13-1230** (Kanawha County 13-C-483)

**Teresa Tarr, in her capacity as counsel**
**for the West Virginia Judicial Investigation**
**Commission; and the West Virginia**
**Judicial Investigation Commission,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Jay Lawrence Smith, by counsel Michael T. Clifford and Richelle K. Garlow, appeals the Circuit Court of Kanawha County's October 23, 2013, order granting respondents' motion to dismiss this civil action. Respondents Teresa Tarr, in her official capacity as counsel for the West Virginia Judicial Investigation Commission ("JIC"), and the West Virginia Judicial Investigation Commission, a governmental agency, by counsel John M. Hedges and Stephanie J. Shepherd, filed a response in support of the circuit court's order. Additionally, the Court acknowledges the filing of amicus curiae briefs by the West Virginia Judicial Association, the Defense Trial Counsel of West Virginia, and the West Virginia Association for Justice.

This Court has considered the briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 7, 2012, petitioner, a freelance news reporter, sent a West Virginia Freedom of Information Act ("FOIA")[1] request to respondents for "[t]he total number of [judicial ethics] complaints filed by year" against twenty-seven West Virginia circuit and family court judges identified by name. Petitioner stated in his request that respondents provided similar information to another individual on or about August 25, 2012.[2] On September 24, 2012,

---

[1]See W.Va. Code §§ 29B-1-1 through -7.

[2]Respondents maintain that they changed their policy regarding disclosure of judicial ethics complaint filings after August 25, 2012, in order to comply with Rule 2.4 of the West Virginia Rules of Judicial Disciplinary Procedure. Further, respondents assert that any prior disclosures do not obviate Rule 2.4 and are irrelevant to petitioner's FOIA requests. We agree

respondents denied petitioner's FOIA request on the grounds that (a) the request lacked a specific timeframe[3] and (b) under the confidentiality requirements set forth in the West Virginia Rules of Judicial Disciplinary Procedure, the requested information was confidential. Months of correspondence followed between petitioner and respondents regarding the September 24, 2012, denial. Petitioner ultimately clarified the timeframe of his request as the time from each of the named judges' investiture until the time of the request.

On January 31, 2013, petitioner renewed his September 7, 2012, request and also submitted a request for the same information for seven additional West Virginia judges. Respondents denied petitioner's requests.[4]

On March 12, 2013, petitioner filed the present action against respondents in the Circuit Court of Kanawha County for declaratory and injunctive relief. Petitioner asserted that the information he requested on September 7, 2012, and January 31, 2013, was not exempt from FOIA and that he was entitled to an award of litigation costs and fees. Respondents moved to dismiss the complaint pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure for failure to state a claim upon which relief could be granted. In that motion, respondents argued that the class of information sought by petitioner was exempt from disclosure, pursuant to West Virginia Code §§ 29B-1-4(a)(2) and -4(a)(5).[5] Respondents relied upon Rule 2.4 of the West Virginia Rules of Judicial Disciplinary Procedure to satisfy West Virginia Code § 29B-1-

---

with respondents that any prior disclosures are not relevant to the outcome of the case presently before us.

[3]West Virginia Code § 29B-1-3(4) provides, in part, "[a]ll requests for information must state with reasonable specificity the information sought."

[4]The record on appeal indicates that respondents received two separate FOIA requests from petitioner on January 28, 2013, and January 30, 2013, that are not at issue in this appeal. In February of 2013, respondents granted petitioner's requests and released statistical information regarding the total number of judicial ethics complaints filed by calendar year between 2001 and 2012. Importantly, however, this statistical information did not include the names of the complainants, the judges named therein, or any details of the complaints or investigations.

[5]W.Va. Code § 29B-1-4(a)(2) provides an exemption from FOIA disclosure for

> [i]nformation of a personal nature such as that kept in a personal, medical or similar file, if the public disclosure thereof would constitute an unreasonable invasion of privacy, unless the public interest by clear and convincing evidence requires disclosure in the particular instance: *Provided*, That nothing in this article shall be construed as precluding an individual from inspecting or copying his or her own personal, medical or similar file.

W.Va. Code § 29B-1-4(a)(5) provides an exemption from FOIA disclosure for "[i]nformation specifically exempted from disclosure by statute."

2

4(a)(5).[6] In reply, petitioner claimed that Rule 2.4 violated the open courts clause of the West Virginia Constitution.[7] Following a hearing held on September 16, 2013,[8] the circuit court granted respondents' motion to dismiss the compliant. This appeal followed.

This Court has long held that "[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syllabus Point 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995). Further, in assessing a plaintiff's appeal from a circuit court's order granting a motion to dismiss for failure to state a claim upon which relief can be granted, allegations contained in the complaint must be accepted as true and construed most favorably in the plaintiff's behalf. *See Appalachian Regional Healthcare, Inc. v. W. Va. Dept. of Health and Human Resources*, 232 W.Va. 388, 397, 752 S.E.2d 419, 428 (2013); *Adams v. Ireland*, 207 W.Va. 1, 528 S.E.2d 197 (1999); *Doe v. Wal-Mart Stores, Inc.*, 198 W.Va. 100, 105, 479 S.E.2d 610, 615 (1996); *Garrison v. Herbert J. Thomas Memorial Hosp. Ass'n*, 190 W.Va. 214, 438 S.E.2d 6 (1993). However, we have also explained that "[d]ismissal for failure to state a claim is proper 'where it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Mey v. Pep Boys-Manny, Moe & Jack*, 228 W.Va. 48, 717 S.E.2d 235 (2011) (internal citations omitted); *see also* Franklin D. Cleckley, Robin J. Davis, & Louis J. Palmer, Jr., *Litigation Handbook on West Virginia Rules of Civil Procedure* § 12(b)(6)[2], at 348 ("[a]lthough a plaintiff's burden in resisting a motion to dismiss is a relatively light one, the plaintiff is still required at a minimum to set forth sufficient information to outline the elements of his/her claim. If plaintiff fails to do so, dismissal is proper. . . .") (footnotes omitted). Finally, as this matter rests on clear questions of law, we also note that "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995).

On appeal, petitioner assigns error to the circuit court's dismissal of his civil action. He maintains that, if his complaint were taken as true, he set forth sufficient allegations to prove that respondents violated FOIA. He also argues that the circuit court erroneously construed his FOIA

[6]In this case, the circuit court applied Rule 2.4 to satisfy West Virginia Code § 29B-1-4(a)(5)'s exemption by "statute." Respondents and all three amicus curiae support the circuit court's application of Rule 2.4 arguing that a rule duly promulgated by this Court carries the force and effect of statutory law. *See* Syl. Pt. 10, *Teter v. Old Colony Co.*, 190 W.Va. 711, 441 S.E.2d 728 (1994) ("Under Article VIII, Section 8 [and Section 3] of the Constitution of West Virginia (commonly known as the Judicial Reorganization Amendment), administrative rules promulgated by the Supreme Court of Appeals of West Virginia have the force and effect of statutory law and operate to supersede any law that is in conflict with them.") (internal citations omitted). Petitioner does not raise this issue as error on appeal, and he cites to no portion of the record where he contested this issue below. Therefore, we do not address this issue.

[7]West Virginia Constitution, Article III, Section 17, provides, in part, that "[t]he courts of this state shall be open[.]"

[8]The record on appeal does not contain a transcript of the September 16, 2013, hearing.

requests as requests for information concerning judicial ethics complaints for which no probable cause had been found, and, further, that Rule 2.4 is unconstitutional, pursuant to *Daily Gazette Company v. The Committee on Legal Ethics of the West Virginia State Bar*, 174 W.Va. 359, 326 S.E.2d 705 (1984) and *Charleston Gazette d/b/a Daily Gazette Co. v. Smithers*, 232 W.Va. 449, 752 S.E.2d 603 (2013). Respondents, on the other hand, joined by all three amicus curiae, argue that the circuit court correctly dismissed this action because Rule 2.4 is constitutional and necessarily prevents disclosure of meritless judicial ethics complaints prior to a finding of probable cause. Based on our review of the record on appeal, we find no error in the circuit court's order granting respondents' motion.

FOIA provides every person the "right to inspect or copy any public record of a public body in this state, except as otherwise expressly provided[.]" W.Va. Code § 29B-1-3(1).[9] We have held that "'[t]he disclosure provisions of this State's Freedom of Information Act, W.Va. Code, 29B–1–1 *et seq.*, as amended, are to be liberally construed, and the exemptions to such Act are to be strictly construed. W.Va. Code, 29B–1–1 [1977].' Syl. Pt. 4, *Hechler v. Casey*, 175 W.Va. 434, 333 S.E.2d 799 (1985)." *Smithers* at 449, 752 S.E.2d at 603, syl. pt. 3. Pursuant to West Virginia Code § 29B-1-4(a)(5), a record custodian is not required to disclose "[i]nformation specifically exempted from disclosure by statute." When a person files a judicial ethics complaint against a member of the West Virginia judiciary as provided by the West Virginia Rules of Judicial Disciplinary Procedure, Rule 2.4 restricts as confidential the details of that complaint and subsequent investigation prior to a finding of probable cause under Rule 2.7. Rule 2.4 provides as follows:

> The details of complaints filed or investigations conducted by the Office of Disciplinary Counsel shall be confidential, except that when a complaint has been filed or an investigation has been initiated, the Office of Disciplinary Counsel may release information confirming or denying the existence of a complaint or investigation, explaining the procedural aspects of the complaint or investigation, or defending the right of the judge to a fair hearing. Prior to the release of information confirming or denying the existence of a complaint or investigation, reasonable notice shall be provided to the judge.[10]

---

[9] We have previously held that "[t]he West Virginia Freedom of Information Act, W.Va. Code § 29B-1-1 et seq. does not require the creation of public records." Syl. Pt. 1, *Affiliated Const. Trades Foundation v. Regional Jail and Correctional Facility Authority*, 200 W.Va. 621, 490 S.E.2d 708 (1997). In this case, petitioner's FOIA requests sought from respondents the "total number of complaints filed by year against" individual West Virginia judges categorized by name from the beginning of each judges' investiture until the time of the requests. Taking his complaint as true and construing it most favorably in his behalf, petitioner sought information from respondents that would have required respondents to create a new record conforming to his demands or to permit him to inspect or copy all such complaints filed. FOIA does not place the burden of record creation on record custodians.

[10] Neither the parties nor the amicus curiae argue that the exceptions provided in Rule 2.4 apply to the requested information at issue here. Respondents do assert, however, that these exceptions are discretionary on the ODC because they employ the word "may," rather than the word "shall." *See* Syl. pt. 1, *Nelson v. West Virginia Pub. Emps. Ins. Bd.*, 171 W.Va. 445, 300

4

If probable cause is found, the Rules of Judicial Disciplinary Procedure specifically provide that any subsequent admonishment or hearing on formal charges before the Judicial Hearing Board shall be public. W.Va. R. Jud. Disc. P. 2.7(c) and 4.3.

In this matter, petitioner was not entitled to inspect or copy the complaints at issue. Taking petitioner's complaint as true and construing it most favorably in his behalf, it is clear that petitioner's September 7, 2012, and January 31, 2013, FOIA requests sought details of ethics complaints filed against individual West Virginia judges that were confidential under Rule 2.4. Petitioner states in his complaint that he requested the total number of judicial ethics complaints filed against individual West Virginia circuit and family court judges listed by name and categorized by year. In those requests, petitioner did not seek information regarding admonishments or hearings on formal charges before the Judicial Hearing Board, which would be public pursuant to Rules 2.7(c) and 4.3 and as otherwise permissible by law. Instead, petitioner sought information regarding "complaints filed"; such information expressly falls within that class protected by Rule 2.4.

Moreover, petitioner claims both in his underlying complaint and in his brief before this Court that his request for information "only concerned numbers" and "statistical data much like [respondents] provided [him] . . . on February 3, 201[3]. . . and February 14, 2013." However, as petitioner points out, in February of 2013 respondents provided him, pursuant to two separate FOIA requests, with statistical data of the number of complaints filed by year from 2001 until 2012 without further detail. Following the February of 2013 disclosure of numbers and statistical information, petitioner filed the current civil action arguing that respondents violated FOIA. Thus, it is clear that respondents' February of 2013 disclosure did not answer petitioner's requests to his satisfaction, which demonstrates that petitioner sought more than mere "numbers" or "statistical data." To the contrary, he sought details of complaints filed, which are specifically exempted from FOIA disclosure pursuant to Rule 2.4 and West Virginia Code § 29B-1-4(a)(5).

Petitioner argues that given our prior holdings in *Daily Gazette* and *Smithers* this Court must strike down Rule 2.4 as unconstitutional. We disagree and find those cases distinguishable from the present matter. In *Daily Gazette*, we considered a challenge to the privacy procedures then in effect for records regarding lawyer disciplinary matters. The West Virginia State Bar By-laws and Rules and Regulations at issue in *Daily Gazette* provided that "all proceedings" of lawyer disciplinary matters were confidential unless recommended for public discipline. Under those procedures, lawyer disciplinary records were not subject to discovery in civil litigation, and, importantly, attorneys could be found to have committed unethical behavior and yet be "privately" reprimanded, which kept all information about the unethical behavior away from the public. In holding that those privacy procedures were unconstitutional, this Court explained that the "overly broad restrictions upon public access" in lawyer disciplinary procedures violated the open courts clause of the West Virginia Constitution, Article III, Section 17. We specifically noted the "special status" lawyers hold in our judicial system, and "[t]his [ir]refutable public

S.E.2d 86 (1982) ("It is well established that the word 'shall,' in the absence of language in the statute showing a contrary intent on the part of the Legislature, should be afforded a mandatory connotation."). These exceptions do not bear on our decision, and their applicability is not raised.

interest in the administration of justice of attorney disciplinary proceedings is related to the lawyer's role as an officer of the court." *Id*. at 364, 326 S.E.2d at 710. We further explained that

> the public should know when attorneys, as officers of the court, are charged with disloyalty thereto. It is only through the possession of such knowledge that the people can intelligently deal with the members of the legal profession and [e]ntrust business to them.

*Id*. at 365, 326 S.E.2d at 711 (internal citations omitted). We made clear that "[t]he reporting of the existence of groundless or frivolous complaints after there has been a decision to dismiss them as such poses no real threat to the reputations of attorneys." *Id*. at 367 n.17, 326 S.E.2d at 713 n.17. However, we also noted "that the public's right of access is not absolute." *Id*. at 364 n.9, 326 S.E.2d at 711 n.9.

In *Smithers*, we reviewed whether records from the West Virginia State Police concerning its internal review of complaints against police officers and other personnel, or other qualifying incidents subject to review by the internal review board, were subject to FOIA disclosure. Unlike the case at bar, in *Smithers*, we examined how three FOIA exemptions related to the role of police officers. We ultimately concluded that information concerning those complaints or other reviewable incidents is subject to disclosure, but only after a determination that further action or discipline is necessary and with certain details, including the names of complainants or other identifying information, redacted in accordance with legislative confidentiality rules. 232 W.Va. at 455, 752 S.E.2d at 608-609, syl. pts. 11 and 12. As in *Daily Gazette*, *Smithers* did not consider the role of judges in our judicial system, the Rules of Judicial Disciplinary Procedure, or West Virginia Code § 29B-1-4(a)(5). Further, it did not strike down any rule or statute as unconstitutional.

Although we are sensitive to the concerns raised herein, we do not discern from *Daily Gazette*, *Smithers*, or any other authority cited by petitioner, a constitutional imperative to strike down Rule 2.4. *Daily Gazette* is clearly distinguishable from this case, and *Smithers* does not stand for such a proposition. To the contrary, our holdings in *Smithers* permitted the non-disclosure of details such as the complainants name and other identifying information, much like those details at issue in this case. Further, Rule 2.4 places significantly fewer restrictions on the public's access to records than those procedures at issue in *Daily Gazette*. Unlike the lawyer disciplinary rules at issue in *Daily Gazette*, the Rules of Judicial Disciplinary Procedure at issue here do not provide for private reprimands, and if a judge is found to have committed any unethical behavior, Rules 2.7(c) and 4.3 expressly provide for public admonishments and public hearings on formal charges. Further, where the holdings in *Daily Gazette* expressly applied to lawyer disciplinary procedure in light of the role lawyers hold in our judicial system, this case concerns rules applicable to judges, who occupy a markedly different role. As noted in *Daily Gazette*, lawyers are representatives of the public's business, employed by individuals or entities based upon an intelligent understanding of the lawyer's abilities, and the reporting of a dismissed ethics complaint poses no real threat to a lawyer's reputation. Lawyers can defend themselves against such meritless complaints. Judges, however, are not in the same position. Judges lack the freedom to defend themselves publicly against all meritless complaints and to choose the cases or parties before them. We have previously observed that "[w]hile recognizing that judges are

6

subject to the rule of law as much as anyone else, this Court cannot ignore the special status that judges have in our judicial system, and the effect this difference has on the process." *State ex rel. Kaufman v. Zakaib*, 207 W.Va. 662, 668, 535 S.E.2d 727, 733 (2000). In addition, throughout *Daily Gazette* and *Smithers*, we noted the need for confidentiality of investigatory records and meritless complaints in limited circumstances.

Further, public disclosure of governmental records is not limitless. *See* Syl. Pt. 6, in part, *State ex rel. Garden State Newspapers, Inc. v. Hoke*, 205 W.Va. 611, 520 S.E.2d 186 (1999) ("The qualified public right of access to civil court proceedings guaranteed by Article III, Section 17 of the Constitution of West Virginia is not absolute and is subject to reasonable limitations imposed in the interest of the fair administration of justice or other compelling public policies."); Syl. Pt. 1, *State ex rel. Herald Mail Co. v. Hamilton*, 165 W.Va. 103, 267 S.E.2d 544 (1980) ("Article III, Section 14 of the West Virginia Constitution, when read in light of our open courts provision in Article III, Section 17, provides a clear basis for finding an independent right in the public and press to attend criminal proceedings. However, there are limits on access by the public and press to a criminal trial, since in this area a long-established constitutional right to a fair trial is accorded the defendant.").

Petitioner's second and final assignment of error concerns the circuit court's denial of an award of attorney's fees and court costs incurred in connection with this litigation. West Virginia Code § 29B-1-7 provides that "any person who is denied access to public records . . . and who successfully brings a suit . . . shall be entitled to recover his or her attorney fees and court costs[.]" As petitioner did not succeed in his suit pursuant to West Virginia Code §§ 29B-1-1 through -7, the circuit court did not err in denying such an award.

Based upon all of the above, the circuit court did not err in finding that petitioner's general requests were confidential and exempted from FOIA disclosure. Petitioner could prove no set of facts based upon his complaint that would have entitled him to relief, and he was, thus, not entitled to recover the fees and costs of this litigation. For the foregoing reasons, we find no error in the decision of the circuit court, and its October 23, 2013, order is hereby affirmed.

Affirmed.

**ISSUED**: January 12, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II